## IN RE GUARDIANSHIP OF WILSON.

*Guardianship—Discretion of probate court in appointing—Insane or incompetent persons—Insufficient mentality of person to care for property—Finding warranting appointing guardian—Appointment for incompetent not against weight of evidence.*

1. Appointment of guardian over person not possessing sufficient mentality to properly care for her property is within sound discretion of probate court.

2. Probate court, before appointing guardian for an alleged incompetent, should be fully satisfied that claimed infirmity prevents person from fully protecting herself and property from those who would be inclined to take advantage of such person by securing her property without consideration.

3. Judgment of trial court, appointing guardian over incompetent, which is not manifestly against weight of evidence, must be affirmed by Court of Appeals.

(Decided March 25, 1926.)

ERROR: Court of Appeals for Perry county.

*Mr. George S. Marshall,* and *Mr. T. B. Williams,* for plaintiff in error.

*Mr. John T. Pyle,* opposed.

HOUCK, J.  This is an error proceeding, which comes into this court from the common pleas court of Perry county.  Janet Wilson is the surviving widow of Thomas Wilson, deceased, and lives at Corning, Perry county, Ohio, and is now of the age of about 70 years.  On the 24th day of February, 1924, Robert C. Wilson, her son, made application in the probate court of Perry county for the appointment of a guardian for his mother, Janet Wilson, on the ground that by reason of her mental disability and infirmity she was incompetent and incapable of taking care of and preserving her property.  Thereafter a hearing was had on the application, the probate court finding the claim made by the application for guardianship of the mother well taken, and thereupon appointed the son, Robert C. Wilson, guardian of the property of his mother.  To this finding and judgment an appeal was taken to the common pleas court, a trial was had therein, and the same judgment entered as was entered in the probate court.

To the judgment and finding of the common pleas court error is here prosecuted, seeking a reversal of the judgment of the lower court, and in the petition in error 18 grounds are set forth, upon which it is claimed that the judgment of the court of common pleas should be reversed.  However, we are of the opinion that these numerous grounds may be considered from two standpoints:

First.  That the trial court erred in his admission and rejection of testimony.

Second. That the judgment is manifestly against the weight of the evidence.

Coming now to a brief discussion of the record facts and the law pertaining thereto we will say that we have read all of the testimony, as contained in 150 pages of closely typewritten matter, and have given to it careful and laborious consideration. It consists of the testimony of a number of medical experts, together with that of some lay witnesses, and it would be perfectly natural that in a contest like the present one there should be a conflict in the testimony; the question involved being as to the mentality or lack of mentality of Janet Wilson.

Counsel need not be reminded that in such cases as the present one there is always more or less of a dispute as to the facts, and when medical experts are relied upon there must and does follow a conflict in the evidential facts obtained from such expert testimony. However that may be, the real question to be determined in this controversy is whether or not, under all of the evidence offered in the case, giving to it such weight as it is entitled to have, the proven facts warrant the conclusion that Janet Wilson does not possess sufficient mind and mentality to properly care for her property.

This court is somewhat at a disadvantage in weighing this testimony by reason of the fact that it has not had an opportunity to see the witnesses upon the stand or to observe their demeanor and their interest or lack of interest in the outcome of this case. Yet we are of the unanimous opinion that under the adduced facts there is sufficient ground to warrant and authorize the appointment of a guardian to look after and care for the

property which belongs to Janet Wilson, in order that it may be properly preserved and protected from being dissipated or given away.

Comment seems unnecessary upon the law governing the facts in this case because there seems to be no fixed and fast rule on which a probate court may rely for the appointment of a guardian. After all, it rests with the sound judgment, discretion, capabilities, and power invested in such court.

We are inclined to believe that the following rule would be safe to apply in such cases as the instant one: That the court, before appointing a guardian for an alleged incompetent, should be fully and completely satisfied that the claimed infirmity or infirmities of the alleged incompetent are of such a nature and character as to prevent such person from fully and completely protecting herself and property interests from those about her who would be inclined to and would take advantage of such person in the way of securing her property or means without giving proper service or value therefor. In other words, it should be found to be to the interest of the person claimed to be incompetent to have such guardianship, and, if such a condition is found, a court should have no hesitancy in promptly appointing a guardian to look after the property and interests of such person. If we apply the rule thus laid down to the record facts in the case now in review, we are bound to reach the conclusion that Janet Wilson is a fit subject for guardianship. Thus finding, we need but add that we find no error in the record as to the admissibility or exclusion of testimony that

would warrant a reversal of the judgment entered below, and we further find that the conclusion reached and judgment entered by the trial judge are not manifestly against the weight of the evidence; hence this court must affirm the judgment of the common pleas court.

*Judgment affirmed.*

SHIELDS and SAYRE (of the Fourth Appellate District, sitting in place of PATTERSON, J.), JJ., concur.